IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00152-CV

[Consolidated on Appeal With]

No. 10-05-00153-CV

 

Holcim (Texas) Limited Partnership 

f/k/a Holnam Texas Limited Partnership,

                                                                      Appellant

 v.

 

Humboldt Wedag, Inc. and Watkins 

Engineers & Constructors, Inc.,

                                                                      Appellees

 

 



From the 40th District Court

Ellis County, Texas

Trial Court Nos. 65034 and
67978

 



CONCURRING AND DISSENTING Opinion










 

          I write separately, but briefly so as
not to further delay this appeal, for the purpose of explaining the portion of
this Court’s judgment to which I dissent.[1] 
Part of the result of the arbitration panel’s decision in the arbitration
between WEC and HWI, the phase II part, was a determination that the money
being held by Holcim and owed to WEC, as determined in phase I of the
arbitration, should be paid directly by Holcim to HWI and that payment would
extinguish Holcim’s liability for that portion of the phase I award to WEC.

          This portion of the arbitration
decision, confirmed by the trial court, does not seem to be implicated by the
lack of an arbitration agreement between Holcim and HWI.[2] 
Further, it seems to be precisely the type of determination for which this type
of multi-party arbitration proceeding, under which different disputes, arising
under different contracts, requiring different parties to arbitrate those
disputes, but all arbitrated within one proceeding, is designed.

          This is simply the result of clearly
separating the disputes which were being arbitrated under two different
arbitration provisions, in two different contracts, between different parties, but
also avoiding inconsistent results by having one arbitration panel conduct a
single proceeding.  The two arbitrations had one common party, WEC.  In one
dispute, Holcim was determined to owe that common party, WEC, funds for certain
equipment and services which had been provided by a subcontractor.  In the same
overall proceeding, before the same arbitrators, but under a different
arbitration provision in a different contract, the common party, WEC, was determined
to owe the subcontractor, HWI, for the same equipment and services that the
common party, WEC, had been determined to be due payment from Holcim.

          Thus, the order of a direct payment
from Holcim to HWI for that equipment and services is not the result of
arbitration between Holcim and HWI and should not be interfered with in this
appeal.  To the extent described, I dissent from this Court’s judgment, but
otherwise, join the result thereof.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Concurring
and dissenting opinion delivered and filed October 4, 2006









[1]
 There are a number of fairly broad
sweeping statements or phrases stated as holdings for which I find inadequate
authority.  I have not identified them nor written herein to address them
because I have also determined that these unsupported or erroneous statements
are immaterial to the disposition of this appeal.





[2] 
Likewise, the confirmation order confirmed
other parts of the arbitrator’s decision for the proceedings between Holcim and
WEC and also other parts of the arbitration proceeding between WEC and HWI that
were not attacked on appeal and should remain undisturbed by this Court’s
judgment.








hedules and provide
those schedules to the trial court in an effort to assist the trial court with
a determination of a date certain that her portion of the reporter’s record
will be filed.  The parties’ counsel shall also make the trial court aware of
any actual or potential prejudices to the parties by the lateness of this
reporter’s record.

            The trial court must order Susan
Rainwater to file the record by the date determined.  Further, the trial court
must inform Susan Rainwater of the consequences of failing to file the record
by the date determined and ordered.  Those consequences include:

            (1)        abating
the proceeding again to the trial court for a contempt of court                                 hearing;

 

            (2)        imposing
a lump sum monetary fine;

 

            (3)        imposing
a daily fine for each day the record is late beyond the date                                   previously
determined by the trial court; and

 

            (4) 
      confinement in jail until the record is completed.

 

            The trial court shall require the
hearing to be transcribed.  To the extent necessary or pertinent to obtaining
compliance with the rules regarding preparation of the reporter’s record, the
trial court must: (1) prepare findings of fact and conclusions of law
addressing the above issues; (2) require the preparation of a supplemental
clerk's record containing its findings of fact and conclusions of law and all
orders it may issue as a result of its hearing in the matter; and (3) require
the preparation of a reporter's record transcribing the evidence and arguments
presented at the aforementioned hearing.  Additionally, the trial court’s
findings and orders must be provided to the trial court clerk within 7 days
from the date of the hearing.  

            The trial court clerk is ORDERED to
provide a supplemental clerk’s record, containing the written findings and
orders of the trial court, to this Court within 14 days from the date of the
hearing.  

            Further, the trial court’s official
reporter is ORDERED to provide a record of the hearing held to this Court
within 14 days from the date of the hearing.

 

                                                                        PER
CURIAM           

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Order
issued and filed December 15, 2010 

Publish